## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GENNETT HOLMES** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **06-cv-199E** |
| | ) |
| **ST. VINCENT HEALTH CENTER,** | ) |
| | ) |
| **Defendant** | ) |

### OPINION

Pending before the Court are Defendant's Motion to Dismiss Plaintiff's Pro Se

Complaint, or alternatively for a More Definite Statement [Doc. #15] and Plaintiff's Motion In

Opposition to Defendant's Motion to Dismiss [Doc. #23]. For the reasons set forth below,

Defendant's Motion is denied to the extent it seeks a dismissal of Plaintiff's Amended Complaint

and is granted to the extent it seeks a more definite statement. Further, Plaintiff's Motion In

Opposition to Defendant's Motion to Dismiss is granted. Plaintiff shall file a second Amended

Complaint within ten (10) days of the filing of this Opinion and accompanying Order.

### I. Procedural Background.

On September 5, 2006, Plaintiff, acting *pro se*, filed a motion for leave to proceed *in*

*forma pauperis*. On September 8, 2006, Plaintiff filed a supplement to her motion for leave to

file *in forma pauperis*. Her motion was granted on September 11, 2006 and Plaintiff's original

Complaint was filed on September 11, 2006. Because Plaintiff's Complaint did not comply with

Local Rule 8.1, on September 11, 2006, the Court ordered Plaintiff to file an amended Complaint

that complied with Local Rule 8.1 no later than September 20, 2006. Plaintiff filed her amended

complaint on September 18, 2006.

Thereafter, on January 7, 2007, Plaintiff, still acting *pro se*, sent a letter to the Court

which we filed on January 8, 2007 and treated as a motion for service to be made by the United

States Marshal's Service. On January 16, 2007, we granted Plaintiff's motion. Relevant to the

issue now before us, our Order stated:

> Plaintiff shall promptly complete and return to the Clerk of Court's office in Erie,
> PA, a United States Marshals Service Form 285, along with a Summons and a
> service copy of her Amended Complaint. The United States Marshals Service then
> shall *forthwith* effectuate service of Plaintiff's Summons and Amended Complaint
> on Defendant St. Vincent Health Center, with the cost for the effectuation of
> service to be borne by the Government.
>
> It is further ORDERED, ADJUDGED, AND DECREED that Plaintiff is granted
> an extension of time, until February 18, 2007, to effectuate service on Defendant
> St. Vincent Health Center in accordance with Fed.R.Civ.P. 4(m).

On February 16, 2007, two days before the deadline for service to be effectuated on

Defendant, Plaintiff returned USMS Form 285, along with a summons and service copy of her

Amended Complaint, to the Clerk of Court. That same day, the Clerk's Office put the summons

and service copy in the USMS internal mailbox. The USMS did not effectuate service on

Defendant until March 23, 2007.

## II. Legal Analysis.

### A. Issue of timeliness of service of complaint.

Defendant moves for the dismissal of Plaintiff's Amended Complaint against it pursuant

to Fed.R.Civ.P. 12(b)(5) and 4(m) on the basis that it was not served with Plaintiff's Complaint

within 120 days of Plaintiff filing her Complaint. Under Fed.R.Civ.P. 12(b)(5), a complaint can

2

be dismissed for "insufficiency of service of process." Fed.R.Civ.P. 4(m) provides:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Fed.R.Civ.P. 4(m).

The United States Court of Appeals for the Third Circuit has established an analysis for determining whether a plaintiff should be entitled to extra time to serve a complaint. As explained in McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191 (3d Cir. 1998) : "[t]his court has developed a two-pronged inquiry to determine whether the grant of an extension of time in which to serve is proper under Rule 4(m). First, the court must determine whether good cause exists for the failure to have effected service in a timely manner. If so, the extension must be granted. If good cause has not been shown, however, the court still may grant the extension in the sound exercise of its discretion." Id. at 196, citing, MCI Telecomm. Corp. v. Teleconcepts, Inc.,71 F.3d 1086, 1098 (3d Cir.1995), cert. den'd, 519 U.S. 815 (1996); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir.1995).

In determining whether good cause exists, the courts have considered three factors: "(1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service ; and (3) whether the plaintiff moved for an enlargement of time." Steele v. HCI Direct, 2004 WL 1699611, *1 (E.D. Pa. July 29, 2004), citing, MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d at 1097. "Even if good cause does not exist, however, the district

3

court must consider whether to grant a discretionary extension of time." Id. at *2, citing MCI Telecomm. Corp. , 71 F.3d at 1098.

Looking first at the reasonableness of Plaintiff's efforts, while Plaintiff did get the necessary paperwork to the Clerk's Office prior to the deadline for serving the Defendant, given that she did so on a Friday and only two(2) days before the deadline for service expired, we find that her efforts at service were not reasonable.

Turning next to the issue of whether the Defendant has been prejudiced by the timely lack of service, although Defendant argues that it has been almost two years since Plaintiff was terminated, and therefore, it has been prejudiced by the timely lack of service, the Court does not find this argument persuasive. First, Plaintiff filed an EEOC Complaint with respect to her termination, and therefore, Defendant had the opportunity early on to conduct an investigation of Plaintiff's claims. Second, only thirty-three (33) days had passed between the time when Defendant should have been served and the time Defendant actually was served. Additionally, Defendant could not have been in that much of a hurry to move this litigation along since upon being served with the Complaint, Defendant moved, and we granted said motion, for additional time to answer Plaintiff's Amended Complaint.

Next, we find, based upon a review of the docket, that Plaintiff did not move for an enlargement of time to serve Defendant other than her initial letter to the Court asking for the United States Marshal's Service ("USMS") to serve the Defendant..

Taking all of these factors into consideration, we find that these factors do not support a conclusion that good cause exist for the Plaintiff's failure to have effected service in a timely manner. Typically then, this would end the Court's consideration of whether good cause existed

4

for Plaintiff's failure to have effectuated service in a timely manner. But this is not a typical case in that this case involves an *in forma* pauperis plaintiff and 28 U.S.C. § 1915(d) provides that in *in forma pauperis* cases: "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." Thus, in Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992), *superceded in part by statute on other grounds* as stated in Ghana v. Holland, 226 F.3d 175, 184 (3d Cir. 2000), where the district court had dismissed an *in forma pauperis* plaintiff's lawsuit against a defendant who had never been served with the complaint, the appellate court found that the district court erred by dismissing the lawsuit for failure to effect service of process, because:

> [a]ccording to 28 U.S.C. § 1915(c)[1], "officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases." *See also* Fed.R.Civ.P. 4(c)(2)(B)(I). Since the district court granted [plaintiff] leave to proceed *in forma pauperis*, it was the district court's responsibility to serve process upon all defendants and thus [plaintiff] should not be penalized for failure to effect service where it failed through no fault of his own.

Id. at 359. Fed.R.Civ.P. 4(c)(2)(B)(I) states that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. §1915 . . . ." See also Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003) (holding that when a plaintiff is granted *in forma pauperis* status, the district court is required to serve process for the plaintiff and thus, where court had ordered that the U.S. Marshal perfect service, the responsibility for failure to serve the defendant rested with the Marshal or with the district court,

---

[1]While the appellate court cited to subsection (c) of §1915, in 1996 §1915 was amended such that former subsection (c) was redesignated as subsection (d). See Pub.L. 104-134.

5

but not with the plaintiffs).

Based upon the holding of <u>Young</u>, we find that Plaintiff's lawsuit should not be dismissed based upon the USMS's failure to timely serve Defendant. In so holding, we acknowledge the Defendant's citation to the Third Circuit court's decision in <u>Petrucelli v. Bohringer & Ratzinger</u>, 46 F.3d 1298 (3d Cir.1995), wherein the court stated: "[w]e have previously held that reliance upon a third party or on a process server is an insufficient basis to constitute good cause for failure to timely serve, and is also an insufficient basis for granting an extension of time to effect service." <u>Id</u>. at 1305, <u>citing</u>, <u>Braxton v. United States</u>, 817 F.2d 238, 242 (3d Cir. 1987). Neither <u>Petrucelli</u> nor <u>Braxton</u>, however, involved an *informa pauperis* plaintiff and a court order issued pursuant to 28 U.S.C. § 1915(c). We find this distinction critical.

Even if we had not opined that we must deny Defendant's motion to dismiss on the basis that it was the responsibility of the USMS to timely serve Defendant, we would have, under the facts of this case, elected to exercise our discretion and found the service of Defendant, albeit untimely, to be sufficient. The basis for this decision is that on February 9, 2007, the USMS's office in Pittsburgh was flooded. The USMS in Pittsburgh is the USMS entity responsible for serving Summons and Complaints with respect to *informa pauperis* cases that originate out of the Erie office of the United States District Court for the Western District of Pennsylvania. As a result of the flooding, according to an inquiry made by the Court to Gary Richards, the United States Marshal for the Western District of Pennsylvania, the USMS stopped serving Complaints and Summons as of February 9, 2007, and did not resume such service for at least a month after the office was flooded. Therefore, even if Plaintiff had gotten the documentation to the USMS in a timely fashion, service still would not have been effected by the USMS before February 18, 2007

6

deadline. Thus, because we find that justice would not be served by dismissing Plaintiff's

Amended Complaint for "an act of God" beyond anyone's control, i.e. the flooding of the USMS's

Pittsburgh office, we would exercise our discretion and deny Defendant's Motion to Dismiss based

upon Fed.R.Civ.P. (4) and 12(b)(5) .

**B. Remaining arguments in support of motion to dismiss, alternative motion for a**

**more definite statement and Plaintiff's motion to amend her Amended Complaint**.

Defendant has also moved to dismiss Plaintiff's Amended Complaint on the bases that the

Amended Complaint fails to comply with Fed.R.Civ.P. 8, 10 and 11. Alternatively, Defendant asks

that if we do not dismiss the Amended Complaint, that it be provided a more definite statement

under Fed.R.Civ.P. 12(e). Defendant's Motion, ¶¶ 2-6. Fed.R.Civ.P. 12(e) provides:

> (e) Motion for More Definite Statement. If a pleading to which a responsive
> pleading is permitted is so vague or ambiguous that a party cannot reasonably be
> required to frame a responsive pleading, the party may move for a more definite
> statement before interposing a responsive pleading. The motion shall point out the
> defects complained of and the details desired. If the motion is granted and the order
> of the court is not obeyed within 10 days after notice of the order or within such
> other time as the court may fix, the court may strike the pleading to which the
> motion was directed or make such order as it deems just.

Fed.R.Civ.P. 12(e).

In response to Defendant's Motion to Dismiss, Plaintiff filed a Motion in Opposition to

Defendant's Motion to Dismiss. In this Motion, Plaintiff requested that the Court grant her leave to

file another amended complaint.

7

Fed.R.Civ.P. 15(a) states:

(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed.R.Civ.P. 15(a). Here, had the Court not ordered Plaintiff to amend her Complaint to comply with the technical requirements of Local Rule 8.1, Plaintiff would be entitled as a matter of right to file an Amended Complaint because Defendant has not yet filed a responsive pleading. See Centifanti v. Nix, 865 F.2d 1422, n. 9 (3d Cir. 1989) (stating that a party is entitled to amend his complaint under Fed.R.Civ.P. 15(a) because neither a motion to dismiss nor a motion for summary judgment is a responsive pleading). As such, justice requires that Plaintiff be permitted to amend her Amended Complaint. Additionally, having a clearer understanding of the allegations behind Plaintiff's claims against Defendant will be helpful to all involved in this litigation.

Defendant's Motion to Dismiss Plaintiff's Amended Complaint for failure to comply with Fed.R.Civ.P. 8, 10 and 11 is denied. Defendant's alternative request for a more definite statement under Fed.R.Civ.P. 12(e) is granted. Plaintiff's motion to amend her Complaint is granted.

An appropriate Order will follow.

August 30, 2007

Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
Senior District Court Judge

8